**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM R. WEST, | ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| GANTREX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, William R. West, a resident of Lycoming County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Gantrex, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* ("ADEA"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, William R. West ("Mr. West" or "Plaintiff"), is an adult male individual residing at 623 Second Avenue, Williamsport, Lycoming County, Pennsylvania 17701.

4. Mr. West's race is African American and skin color is Black.

5. Mr. West was born in 1981, and the time of the relevant incidents described herein, he was forty-three (43) years old.

6. Defendant, Gantrex, Inc. ("Gantrex"), is a Pennsylvania corporation that maintains a business address at 6000 Town Center Boulevard, Suite 240, Canonsburg, Washington County, Pennsylvania 15317.

7. Gantrex is a global market leader in production, distribution, installation and maintenance of high quality crane and crane rail solutions and employs more than twenty (20) employees.

## ADMINISTRATIVE PROCEEDINGS

8. Mr. West filed a verified Complaint with the Equal Employment Opportunity Commission ("EEOC") as docket No. 533-2025-02900, raising claims of age, color, and race discrimination, and retaliation, against Gantrex.

9. Mr. West has been advised by the EEOC of his right to sue in federal court, which notice was issued on July 21, 2026.

10. All necessary and appropriate administrative prerequisites to this action have been met.

## STATEMENT OF FACTS

11. Mr. West started working for Gantrex through a temporary agency, TradeWorX, as a Welder in or around January 2024.

12. From January 2024 through late 2024, Mr. West worked alongside Gantrex employees, as an employee of TradeWorX, without issue.

13. Mr. West's performance was at such a level that Gantrex's Manager introduced the idea of Mr. West becoming a direct employee of Gantrex.

14. Due to a clause in the Master Services Agreement between the sub-contractor and Gantrex, Mr. West had to wait six months after leaving employment with the sub-contractor to be hired directly by Gantrex.

15. In order for Mr. West to be employed during the six month waiting period, another Gantrex manager, Harley Alwran, connected Mr. West with ARA Services, another sub-contractor of Gantrex, and Mr. West was again assigned to work alongside Gantrex employees.

16. In or about October 2024, Mr. West also engaged in protected activity when he reported that a supervisor, Mr. Green, told Mr. West that he could not listen to music on the workplace because it was a "safety issue," when non-African American employees were permitted to listen to music and it was not considered a safety issue.

17. On or about December 9, 2024, Mr. West applied for the open position of Foreman with Gantrex.

18. Mr. West was contacted by Human Resource Director Wendy Pardiny stating that she was going to check to see if Mr. West had worked enough hours for Gantrex before hiring him directly from the temporary agency.

19. On or about February 11, 2025, Mr. West engaged in protected activity when he made a good faith report of racial discrimination to Gantrex regarding co-worker using the word "colored" in a racially derogatory manner.

20. Mr. West was not contacted about his request to be employed directly by Gantrex until on or about March 11, 2025, when he received a text message from the President and General

Manager, Mark Veydt, saying that he would not be hired for the position of Foreman to which he had applied.

21. Rather, Gantrex placed a Caucasian / white male, who is significantly younger than Mr. West, in the position of Foreman.

22. Mr. West was denied the position of Foreman due to his race, color and age, and in retaliation for engaging in a protected activity.

## COUNT I

### TITLE VII VIOLATIONS
### RACE AND COLOR DISCRIMINATION

23. All prior paragraphs are incorporated herein as if set forth fully below.

24. At all relevant times hereto, Mr. West was a prospective "employee" within the meaning of Title VII, and Gantrex was an "employer" within the meaning of Title VII.

25. Gantrex violated Title VII by discriminating against Mr. West and refusing to hire him on the basis of his race and color.

26. As a result of Gantrex's discriminatory actions, Mr. West has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

27. The actions of Gantrex set forth above constitute violations of Mr. West's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, William R. West, seeks damages against Defendant, Gantrex, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

**COUNT II**

**ADEA VIOLATIONS**
**AGE DISCRIMINATION**

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. At all relevant times hereto, Mr. West was a prospective "employee" within the meaning of the ADEA, and Gantrex was an "employer" within the meaning of the ADEA.

30. Gantrex violated the ADEA by discriminating against Mr. West and refusing to hire him on the basis of his age.

31. As a result of Gantrex's discriminatory actions, Mr. West has suffered economic loss, and he has been subjected to great damage to his career and professional standing.

32. The actions of Gantrex set forth above constitute violations of Mr. West's federal civil rights under the ADEA.

**WHEREFORE**, Plaintiff, William R. West, seeks damages against Defendant, Gantrex Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

**COUNT III**

**TITLE VII VIOLATIONS**
**RETALIATION**

33. All prior paragraphs are incorporated herein as if set forth fully below.

34. At all relevant times hereto, Mr. West was a prospective "employee" within the meaning of Title VII, and Gantrex was an "employer" within the meaning of Title VII.

35. Gantrex violated Title VII by retaliating against Mr. West and refusing to hire him following his good faith report of inappropriate racial comments at the workplace which occurred while Mr. West was performing work for Gantrex while employed with a contractor.

36. As a result of Gantrex's retaliatory actions, Mr. West has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

37. The actions of Gantrex set forth above constitute violations of Mr. West's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, William R. West, seeks damages against Defendant, Gantrex, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT IV

## 42 U.S.C. § 1981 VIOLATION
## RACE DISCRIMINATION

38. All prior paragraphs are incorporated herein as if set forth fully below.

39. At all times relevant herein, Mr. West maintained or sought to maintain a contractual relationship with Gantrex (i.e., an employment relationship).

40. At all times relevant herein, Gantrex acted by and through its agents, servants, and employees, to intentionally discriminate against Mr. West on the basis of his African American race and thereby deny him the benefits of the contractual relationship he sought to enter into with Gantrex.

41. As a result of Gantrex's discriminatory actions, Mr. West has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

42. The actions of Gantrex set forth above constitute violations of Mr. West's federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, William R. West, seeks damages against Defendant, Gantrex, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## ***AD DAMNUM*** **CLAUSE/PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, William R. West, prays that the Court enter judgment in his favor and against the Defendant, Gantrex, Inc., and that the Court enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his race, color, age and/or any basis prohibited under applicable federal law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees based on their race, color and/or age and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages pursuant to Title VII and Section 1981;

f. Plaintiff is to be awarded liquidated damages pursuant to the ADEA;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

i. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

j. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or cease engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: October 7, 2026

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707

*Counsel for Plaintiff*